Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 2806 | **DATE** | July 28, 2003 |
| **CASE TITLE** | *U.S. ex rel. Ramsey v. Winters* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ramsey's motion for leave to supplement his reply memorandum is granted. The clerk is directed to substitute Kevin Winters, the current warden of the Western Illinois Correctional Center, as the respondent. After careful consideration of the entire record, Ramsey's § 2254 petition is denied. The clerk is directed to enter a Rule 58 judgment and to terminate this case. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 3 0 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. JAMES RAMSEY, Petitioner, | ) ) ) ) | |
| v. | ) | 98 C 2806 |
| KEVIN WINTERS,[1] Respondent. | ) ) ) ) | |

**DOCKETED JUL 3 0 2003**

## MEMORANDUM AND ORDER

Petitioner James Ramsey has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Ramsey's § 2254 petition is denied.

## Background

Following a bench trial, Ramsey was convicted of armed robbery and vehicular hijacking and sentenced to concurrent fifteen year prison terms. Ramsey appealed his sentence to the Illinois Appellate Court, but did not file a timely petition for leave to appeal ("PLA") with the Illinois Supreme Court. Instead, he filed a state post-conviction petition. He appealed the denial of the petition to the Illinois Appellate Court which affirmed the trial court's decision to deny relief.

---

[1] Ramsey originally named William O'Sullivan, warden of the Western Illinois Correctional Center in Mount Sterling, Illinois, as the respondent. Ramsey is currently on parole from his state sentence and is in federal custody. "Habeas petitions, if filed while the petitioner is still in physical custody, continue in force after the petitioner is released on parole." *Phifer v. Clark*, 115 F.3d 496, 500 (7th Cir. 1997). Because Ramsey sought relief under § 2254 while he was incarcerated by the State of Illinois, he is still in state custody within the meaning of the habeas corpus statute despite his release on parole. *See id.* The individual who would have had physical custody of Ramsey if he was still incarcerated by the State of Illinois is Kevin Winters, the current warden of the Western Illinois Correctional Center. Thus, the court will substitute him as the respondent.

Approximately seven months later, Ramsey next sought leave to file what he labeled a motion for leave to file a late PLA. This PLA was untimely as to both his direct and collateral state appeals, but Ramsey appears to have intended it to serve as a PLA for both appeals. The Illinois Supreme Court denied the PLA without any explanation or comment as to the PLA's timeliness.

Ramsey's § 2254 petition raises three arguments: (1) the Illinois courts failed to give him an evidentiary hearing pursuant to the Illinois post-conviction act in connection with his claim that the trial court erred when it allowed appointed counsel for his post-conviction petition to withdraw; (2) the trial court erroneously found that the doctrines of waiver and res judicata barred his claim that his appointed appellate counsel was ineffective when he refused to argue that appointed preliminary hearing counsel was ineffective; and (3) the trial court erred when it found that Ramsey knowingly waived his right to counsel at trial.

## Discussion

The respondent contends that Ramsey's claims are noncognizable on federal habeas review or are procedurally barred. The court agrees.

First, as the Seventh Circuit has noted, "it is elementary that the . . . court, under § 2254, must focus on alleged violations of the federal constitution, laws and treaties," as "§ 2254 cannot be invoked simply to require state officials to comply with state law or to review alleged violations of state law." *Biskup v. McCaughtry*, 20 F.3d 245, 247 (7th Cir. 1994). This principle dooms Ramsey's arguments based on the state court's failure to afford him an evidentiary hearing as Ramsey does not allege the state court violated federal law. *See* 28 U.S.C. § 2254(a) (habeas relief is only available if a petitioner establishes that "he is in custody in violation of the

Constitution or laws or treaties of the United States"). Moreover, Ramsey does not rely on federal law in his § 2254 petition and did not rely on federal law in the state court proceedings. Accordingly, the evidentiary hearing claims are beyond the province of federal habeas review. *See generally U.S. ex rel. Drain v. Washington*, 52 F. Supp. 2d 856, 862 (N.D. Ill. 1999).

In any event, even putting the evidentiary hearing issue aside, a prisoner has no right to counsel for post-conviction collateral proceedings because these proceedings are civil in nature, not criminal. *See, e.g., Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987). Ramsey contends that the trial court erred when it allowed appointed counsel for his post-conviction petition to withdraw. Because the Constitution does not require a defendant to have counsel in state post-conviction proceedings, Ramsey cannot obtain federal habeas relief based on the withdrawal of post-conviction counsel. *See id.; see also Dellinger v. Bowen*, 301 F.3d 758, 767 n.10 (7th Cir. 2002) (petitioner had no constitutional right to an attorney during post-conviction proceedings or in petitioning the Illinois Supreme Court for review).[2]

Second, a petitioner's failure to present a constitutional claim to the highest state court to which it may be appealed, in the manner required by state law, results in a procedural default which prevents a federal court from considering it on collateral review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999) (petitioner must give state court full and fair opportunity to resolve federal constitutional claims before federal habeas court can review claim). The court has carefully studied Ramsey's PLA. Because it is unclear whether the Illinois

---

[2] In the interests of completeness, the court also notes Ramsey argues that, even if the State was not required to provide counsel, once it did, it was obligated to continue to provide reasonable assistance. This contention is incorrect, and the cases Ramsey cites do not support this proposition. The court takes this opportunity, however, to commend Ramsey for his effort to address the Respondent's arguments and to produce legible filings containing citations to relevant authority.

Supreme Court rejected the PLA on the merits or because it was late, the court will assume that the decision was based on the merits. *See U.S. ex rel. Bell v. Pierson*, 267 F.3d 544, 555 (7th Cir.2001) (federal review of a claim is permissible where the state court reached the merits despite the existence of a state procedural bar); *Neal v. Gramley*, 99 F.3d 841, 843-44 (7th Cir. 1996) (when it is unclear whether state court's decision rests entirely on the merits of a federal constitutional claim, a federal court considering a habeas petition may consider the merits).

So, do Ramsey's remaining arguments appear in his PLA? Read broadly, the PLA contains the arguments that: (1) the appellate court erred when it denied his motion for leave to submit additional authority and affirmed the denial of post-conviction relief; (2) the trial court failed to admonish Ramsey properly regarding the consequences of proceeding pro se; (3) the trial court violated Ramsey's due process rights by not indicting and charging him within thirty days of his arrest; (4) the initial complaint was void so the trial court lacked jurisdiction; and (5) his arrest was not based on probable cause.

On the other hand, in his § 2254 petition, Ramsey asserts that his appointed appellate counsel was ineffective when he refused to argue that appointed preliminary hearing counsel was ineffective and that the trial court erred when it found that Ramsey knowingly waived his right to counsel at trial. These arguments do not match up with any of the arguments presented in the PLA. Accordingly, they are procedurally barred.

A federal court may not grant relief on a procedurally defaulted claim unless the petitioner can establish cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the court's failure to consider the claim will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Although Ramsey does not contend that cause and prejudice or the fundamental miscarriage of

justice exceptions excuse his default, the court will nevertheless consider whether they can give Ramsey any succor.

Cause exists where "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 282 (1999). Here, Ramsey simply did not raise his ineffective assistance arguments. Nothing in the record before the court indicates that an objective factor prevented him from doing so. Thus, cause does not excuse his default. Moreover, an allegation of ineffective assistance of counsel is not, by itself, enough to establish prejudice. *See Pitsonbarger v. Gramley*, 141 F.3d 728, 737 (7th Cir.1998). Thus, neither cause nor prejudice exists.

The fundamental miscarriage of justice exception is also inapplicable because "this relief is limited to situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent." *Dellinger v. Bowen*, 301 F.3d at 767, *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). To show "actual innocence," a petitioner must present clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him. *Id.* Ramsey's petition, as well as all of his state court pleadings, do not contain any substantiated allegations of actual innocence. Thus, this exception does not apply.

### Conclusion

For the above reasons, Ramsey's § 2254 petition is denied.

DATE: 7-28-03

Blanche M. Manning
United States District Court Judge

98cv2806.hab-mcerits

- 5 -